Case 3:22-cv-01088-TWR-BGS   Document 1   Filed 07/25/22   PageID.1   Page 1 of 14

FILED
Jul 25 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ MariaF    DEPUTY

Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik,<br><br>                        Plaintiff,<br><br>    vs.<br><br>Carté Hotel Ventures, LP<br><br>                        Defendant. | Case No.: **'22CV1088 TWR AGS**<br><br>**Verified Complaint**<br><br>1. ADA Federal Preemption of Unruh Civil Rights Act<br><br>2. Violation of Unruh Civil Rights Act<br><br>3. Violation Of The Disabled Persons Act<br><br>4. Violation of California's Unfair Competition Law (Cal. Bus. Code. §§17200 et seq)<br><br>5. Violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§1750 et seq) |

Plaintiff complains and alleges as follows:

**Parties**

1. Plaintiff is disabled senior citizen.

2. Plaintiff suffers from physical impairments including a missing right knee, spinal stenosis, long Covid 19 pulmonary embolism, pleurisy, arthritis and cancer. The effects of the missing right knee, spinal stenosis and pulmonary embolism have been mitigated with a prosthetic knee, nerve blocking and medications, respectively. The mitigation of pulmonary embolism has resulted in amelioration of breathing activity, but still is substantially limiting as compared to most people in the general

1

population. The mitigation of the missing knee has resulted in secondary impairments of limited flexion and tibio-femoral rotation in the right knee. The effects of spinal stenosis and pleurisy are episodic, but arthritis remains constant and progressive.

3. A determination whether episodic or remissive impairments substantially limit major life activities is a disability if it would substantially limit a major life activity when active when active. 42 U.S.C. §1212(4)(D).

4. A determination whether an impairment substantially limits major life activities is made without regard to the ameliorative effects of mitigating measures, such as those used by Plaintiff and listed in 42 U.S.C. §12102(4)(E)(i)(I).

5. Plaintiff's impairments and disabilities, individually and in combination, substantially limit major life activities of walking, entering doors, pushing, pulling, climbing stairs, reaching, grabbing, and other musculoskeletal endeavors requiring the use of a knee, spine, shoulders, elbows, hands or lungs.

6. The term "substantially limit" must be interpreted consistent with the findings and purposes of the ADA Amendment Act of 2008, 42 U.S.C. §12102(4)(A)&(B), that is, "[a]n impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity". 28 C.F.R. (d)(1) (v).

7. Plaintiff's impairments identified above are cumulatively defined as "Disability" that require the use of a wheelchair in their unmitigated and/or active state.

8. Defendant owns a hotel located at 401 West Ash Street, San Diego, CA 92101 commonly known as Carté Hotel ("Hotel").

9. The Hotel is a place of public accommodation.

### Jurisdiction and Venue

10. The Court has subject matter jurisdiction over the Federal Preemption claim pursuant to 28 U.S.C. §§ 1331, § 1343(a)(3) & (a)(4).

11. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

12. With respect to supplemental jurisdiction, Plaintiff alleges that:
    A. The exception to mandatory exercise of supplemental jurisdiction in 28 U.S.C. §1367(c)(4) does not apply because Unruh's "heightened" and "special

2

procedural requirements aimed at limiting suits by [disabled individuals]"[1] are expressly, field and conflict preempted by U.S.C. Title 42, Chapter 126 (ADA) and Part 36 of the Code of Federal Regulation, in particular, 42 U.S.C. §12101(b), 28 C.F.R. §36.101 and 28 C.F.R. §36-103; and

B. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are preempted by Federal ADA because they provide for lesser and unequal protections; and

C. Unruh's federally preempted "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are void and cannot constitute "exceptional circumstances" under 28 U.S.C. §1367(c)(4).

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the Hotel is located in this district.

-A-
**Facts Relating to Federal Pre-Emption of Unruh Act's Heightened Special Procedural requirements Aimed at Limiting Suits by Disabled Individuals**

14. Public accommodations pose an existential and immediate threat to the equality and equity in the public space. It is incontrovertible that public accommodations have engaged in, and continue to engage in, a widespread systemic segregation of the disabled.

15. By their relentless refusal to provide accessible accommodations, public accommodations cause unnecessary crowding of the dockets in the federal and state courts.

16. The offending public accommodations have been able to turn the tables to blame the disabled individuals for their own inequity and cast themselves as the new victim class.

17. Since the passage of the *Arroyo v. Rosas,* 19 F.4th 1202 (9th Cir. 2021) ("*Arroyo*") decision, the 9th Circuit District Courts generally dismiss supplemental Unruh Civil Rights Act ("Unruh") claims.

---

[1] *Arroyo v. Rosas,* 19 F.4th 1202, 1211 (9th Cir. 2021)

3

18. When the Unruh claim is dismissed, Plaintiff is required to refile the same claim in the California State Court that provides lesser and unequal substantive and procedural protections to Plaintiff than those provided by the ADA.
19. The purpose of Unruh's lesser and unequal substantive and procedural protections is to limit the practice by some *attorneys* who were abusing the Unruh Act by demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of the alleged violations on the site." Such " 'pay me now or pay me more' demands" were being "used to scare businesses into paying quick settlements that only financially enrich[ed] the attorney and claimant and d[id] not promote accessibility either for the claimant or the disability community as a whole." Act of Sept. 19, 2012, Ch. 383, § 24, 2012 Cal. Stat. 3843, 3871.
20. The purpose of Unruh's lesser and unequal substantive and procedural protections is to limit lawsuits by disabled individuals like Plaintiff.
21. The (un)foreseen effect of Unruh's lesser and unequal substantive and procedural protections was to limit Plaintiff as a pro se civil rights litigant to access California's State Courts through imposition of heightened and special procedural requirements.
22. The following historical and explanatory facts are taken from *Arroyo*:
    A. In 2012, the California Legislature enacted new provisions to address what it perceived to be abuse of the Unruh Act by "a very small number of plaintiffs' attorneys." Act of Sept. 19, 2012, Ch. 383, § 24, 2012 Cal. Stat. 3843, 3871. As the Legislature explained in the uncodified section of the amending statute that explained its purpose, some *attorneys* were abusing the Unruh Act by demanding "quick money settlement[s]" from California business owners "without seeking and obtaining actual repair or correction of the alleged violations on the site." *Id.* Such " 'pay me now or pay me more' demands" were being "used to scare businesses into paying quick settlements that only financially enrich[ed] the attorney and claimant and d[id] not promote accessibility either for the claimant or the disability community as a whole." *Id.* 19 F.4th at 1207.

B. Accordingly, the Legislature added a new provision to the California Civil Code that, with respect to "construction-related accessibility claim[s]" under the Unruh Act and related state statutes, generally prohibited up-front requests for money in pre-litigation demand letters sent by attorneys to business owners. Cal. Civ. Code § 55.31(b). The Legislature also imposed heightened pleading requirements applicable only to such claims. Cal. Civ. Proc. Code § 425.50(a) (2013). Under these special pleading rules, a complaint must include: (1) an "explanation of the specific access barrier or barriers the individual encountered"; (2) the "way in which the barrier denied the individual full and equal use or access, or [the way] in which it deterred the individual, on each particular occasion"; and (3) the "date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred." *Id.* Finally, "[a]ny complaint alleging a construction-related accessibility claim" must "be verified by the plaintiff." Id. § 425.50(b). *Id.*

C. In 2015, the Unruh was further amended to provide for new pleading requirements requiring any "construction related accessibility claim" (other than one alleging physical injury or property damage) that is filed by a plaintiff who is a "high-frequency litigant" must disclose: (1) that the plaintiff is a high-frequency litigant; (2) how many complaints the plaintiff has filed in the prior 12 months; (3) the reason the plaintiff was in "the geographic area of the defendant's business"; and (4) why the plaintiff "desired to access the defendant's business." Cal. Civ. Code § 425.50(a)(4)(A). A "high-frequency litigant" plaintiff was generally defined as a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction related accessibility violation." Id. § 425.55(b)(1). In addition, the Legislature imposed a $1,000 additional filing fee—over and above the ordinary civil filing fees—for each new case filed by a plaintiff who is a high-frequency litigant. Cal. Gov't Code § 70616.5. *Arroyo*, 19 F.4th at 1207.

D. California's procedural scheme "imposed a set of special procedural limitations designed to balance its objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs." *Id.* 19 F.4th at 1213. Thus, Unruh provides a greater protection to the disabled persons by allowing damages, but a lesser and unequal protection by imposing "special procedural limitations" and by "realigning undesirable incentives."

23. Congress' objectives for passing the ADA are stated at 42 U.S.C. §12101(b)(1)-(3). ADA objectives include "a **clear** and **comprehensive national mandate** for the elimination of discrimination against individuals with disabilities," "**clear**, strong, **consistent**, enforceable **standards** addressing discrimination against individuals with disabilities," and "**Federal Government's …central role in enforcing [the ADA]**." (Emphasis added.)

24. 28 C.F.R. §36.103(c) provides that "[Part 36] does not invalidate or limit the remedies, rights, and procedures of any … State or local laws …that provide *greater or equal protection* for the rights of individuals with disabilities (Emphasis supplied). It states:

**§36.103 Relationship to other laws.**

(c) *Other laws.* This part does not invalidate or limit the remedies, rights, and procedures of any other Federal laws, or State or local laws (including State common law) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them.

25. As a necessary corollary, Part 36 *does* invalidate the *rights, remedies* and *procedures* of Unruh laws that provide *lesser* or *unequal* protection for the rights of individuals with disabilities.

26. By virtue of Congress' declarations of purpose referenced above and the express pre-emption in 28 C.F.R. 36.103, Unruh's heightened and special procedures are expressly, field and conflict pre-empted by the ADA because they provide lesser and unequal substantive and procedural protections to Plaintiff and are, therefore, null and void.

### -B-
### Facts Relating to Hotel's Violations of Accessibility Laws

27. Plaintiff booked a room at the Hotel on June 14, 2021 with the intent to enjoy its facilities and also to determine if the Defendant complies with the disability access laws. Plaintiff often visits the area where the Hotel is located.

28. Defendant was not compliant with disability access laws as they relates to Plaintiff's Disability.

    A. The check in service counter did not provide a lowered portion in violation of standards at 904.4.1[2]. This condition makes Plaintiff's use of the payment counter more difficult.

    B. The lobby bar did not provide a lowered portion in violation of standards at 904.4.1. This condition makes Plaintiff's use of the payment counter more difficult.

    C. The door to the assigned room required the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.

    D. The shower spray unit in the bathroom did not have a shut off valve. As related to his disability, this condition prevented Plaintiff from quickly shutting off the hot water which was over 120° F, another violation.

    E. The bathroom tub did not have a seat. As related to his disability, this prevented Plaintiff to sit instead of stand while taking a shower.

### -C-
### Facts Relating to UCL and CLRA

29. Defendant's true identity is Carté Hotel Ventures, LP.
30. Defendant Carté Hotel passes itself off as a Hilton:

---

[2] The term "standards" refers to federal standards that applicable to Unruh.



31. The term "Hilton" is source-identifier for lodging services particularly applicable to Hilton Hotels.
32. The term "Hilton" is understood by consumers, including Plaintiff, to identify a single source of lodging services associate with a unique hotelier "Hilton."
33. For a source-identifying symbol like "Hilton" to confer these informational benefits, however, consumers like Plaintiff must have confidence that the source identifier identifies a unique source or that it uniquely refers to a particular entity.
34. Consumers, including Plaintiff, use the "Hilton" source identifier to determine a hotel's standards, practices, reputation, overall quality and fair market value before making a lodging decision.
35. In the case at bar, the "Hilton" source identifier falsely identifies Carté Hotel as a Hilton.
36. Carté Hotel's passing itself off as a Hilton was designed to give consumers, including Plaintiff, the confidence that they will receive lodging facilities commensurate with "Hilton" and "Curio Collection by Hilton."
37. Plaintiff was misled by Carté Hotel's passing itself off as a "Hilton."

38. Upon taking the room, Plaintiff discovered that Carté Hotel did not provide Hilton level of services and, in particular, failed to comply with the disability laws.
39. Had Plaintiff known that by booking a room at a Hilton he would in fact lodge at Carté Hotel, he would not have taken the room there.
40. Defendant Hotel represented that it provided a "safe" environment for the guests, but this representation was false because the accessibility violations referenced above made Defendant Hotel unsafe to Plaintiff.
41. Defendant Hotel acted unfairly, fraudulently and illegally by (1) failing to advise Plaintiff that it was not owned by Hilton and by (2) failing to disclose that its accommodations were not accessible and by (3) representing that the Hotel is "safe".
42. Plaintiff has been damaged by paying more for a Hilton room than he would have paid for a Carté Hotel room.

### Count One – Pre-Emption

43. Plaintiff incorporates allegations elsewhere in this Verified Complaint.
44. Congress' objectives for passing the ADA are stated at 42 U.S.C. §12101(b)(1)-(3). These objectives include "a clear and **comprehensive national mandate** for the elimination of discrimination against individuals with disabilities", "clear, strong, **consistent,** enforceable **standards** addressing discrimination against individuals with disabilities", and "**Federal Government's …central role in enforcing [the ADA]**". (Emphasis added.)
45. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are designed to prevent, deter and coerce disabled individuals to not seek their rights of equal access.
46. 28 C.F.R. 36.103 invalidate the *rights, remedies* and *procedures* of Unruh laws that provide *lesser* or *unequal* protection for the rights of individuals with disabilities.
47. Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are expressly, field and conflict preempted by the ADA.

WHEREFORE, Plaintiff requests:

A. Declaration that Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]" are pre-empted by the ADA; and

B. Injunction against California from enforcing Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals]."

### Count Two - Violation Of The Unruh Act
(Cal. Civ. Code § 51-53.)

48. Plaintiff incorporates all allegations contained elsewhere in this Verified Complaint.
49. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).
50. Defendants' Hotel violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Hotel.
51. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and
B. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with disability laws; and
C. For damages in an amount no less than $4,000.00 per violation per encounter; and
D. Treble damages pursuant to Cal. Civ. Code §3345(b).
E. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and
F. The provision of whatever other relief the Court deems just, equitable and appropriate.

### Count Three - Violation Of The Disabled Persons Act
(Cal. Civ. Code §§54-54.3)

52. Plaintiff realleges all allegations heretofore set forth.

53. Defendants have violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.
54. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.
55. Plaintiff has been aggrieved by each Defendant's non-compliance with the DPA.
56. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.
57. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of disability laws; and
B. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with disability laws; and
C. For damages in an amount no less than $1,000.00 per violation per encounter; and
D. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and
E. The provision of whatever other relief the Court deems just, equitable and appropriate.

**Count Four – Unfair Competition Law ("UCL")**
(Cal. Bus.& Prof. Code §§17200 – 17209)

58. Plaintiff realleges all allegations elsewhere in this Verified Complaint.
59. The Unfair Competition Law ("UCL") The UCL forbids, "unlawful, unfair or fraudulent" conduct in connection with virtually any type of business activity.
60. Defendant Hotel acted unfairly and fraudulently by (1) failing to advise Plaintiff that it was not owned by Hilton, by (2) failing to disclose that its stated accessible

accommodations not accessible, and (3) by representing that it provides a "safe" environment.

WHEREFORE, Plaintiff respectfully request that the Court enjoin Defendant from its continuing violation of UCL.

### Count Five – Consumer Legal Remedies Act ("CLRA")
(Cal. Civ. Code §§1750-1784)

61. Plaintiff realleges all allegations elsewhere in this Verified Complaint.

62. The CLRA was enacted in an attempt to alleviate social and economic problems stemming from deceptive business practices . . . . As stated by the Court of Appeal, "the [CLRA] is a legislative embodiment of a desire to protect California consumers and furthers a strong public policy of this state." To achieve that end, the CLRA proscribes 24 specified business acts or practices. The Legislature intended that courts construe the CLRA liberally to "protect consumers against unfair and deceptive business practices and provide efficient and economical procedures to secure such protection."

63. The CLRA provides "consumers" with a private right of action for "unfair methods of competition" and "unfair or deceptive acts or practices" in connection with "a transaction intended to result or that results in the sale or lease of goods or services."

64. Cal Civ. Code § 1770(a) specifically prohibits the following:

    (1) Passing off goods or services as those of another.

    (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

    (3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

    (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have.

65. Plaintiff alleges that Defendant violated subsections (1), (2), (3) and (5) of Code Section 1770(a).

66. Defendant's violation of the CLRA took place prior to the renting and occupancy of the room at the Hotel.
67. Plaintiff was damaged by Defendant's violation of the CLRA by paying for a Hilton room but receiving a Carté Hotel room of lesser quality and lesser value than what Plaintiff paid for the Hilton room.

WHEREFORE, Plaintiff respectfully request that the Court enjoin Defendant from its continuing violation of CLRA.

### Request For Trial by Jury

Plaintiff requests a trial by a jury.

Plaintiff verifies under the penalty of perjury that the above statements of fact are true and correct to the best of his knowledge, information, memory or belief.

DATED this 2nd day of June, 2022.

Peter Strojnik
Plaintiff

