1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  PETER STROJNIK,<br><br>12                               Plaintiff,<br><br>13  v.<br><br>14  CARTÉ HOTEL VENTURES, LP,<br><br>15                               Defendant.<br>16<br>17<br>18<br>19 | Case No.:  22-CV-1088 TWR (AGS)<br><br>**ORDER (1) ACCEPTING COMPLAINT PURSUANT TO PREFILING ORDER, AND (2) ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF No. 1) |

20          Presently before the Court is Plaintiff Peter Strojnik's Verified Complaint

21  ("Compl.," ECF No. 1) alleging (1) Americans with Disabilities Act ("ADA") preemption

22  of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53; (2) violation of the

23  Unruh Act; (3) violation of the Disabled Persons Act, Cal. Civ. Code §§ 54–54.3;

24  (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

25  §§ 17200 *et seq.*; and (5) violation of California's Consumer Legal Remedies Act, Cal.

26  Civ. Code §§ 1750 *et seq.*, against Defendant Carté Hotel Ventures, LP (the "Hotel"),

27  which was randomly assigned to the undersigned for a determination of whether it should

28  be accepted for filing pursuant to the Honorable Larry Alan Burns' Original (ECF No. 27

(the "Sept. 2021 Order")) and Amended (ECF No. 41 (the "Apr. 2022 Order")) Orders (1) Granting in Part and Denying in Part Defendant's Motion to Declare Plaintiff a Vexatious Litigant and Impose Pre-Filing Restrictions; and (2) Granting Defendant's Request for Attorney's Fees in *Strojnik v. 1315 Orange, LLC*, No. 19-CV-1991 LAB (JLB) (S.D. Cal.) (together, the "Prefiling Order").  As documented in Judge Burns' September 2021 Order, Mr. Strojnik had been disbarred by the State Bar of Arizona and declared a vexatious litigant in at least three jurisdictions—the United States District Courts for the Northern District of California, the Central District of California, and the District of Arizona[1]—for filing frivolous ADA complaints.  (*See generally* Sept. 2021 Order at 10–13.)  Judge Burns therefore declared Mr. Strojnik a vexatious litigant and entered a narrowly tailored Prefiling Order, (*see id.* at 14), pursuant to which:

> Strojnik is enjoined from filing any civil action in the Southern District of California that alleges a cause of action for a violation of the ADA without first obtaining certification from this Court that his claims plausibly allege Article III standing and are not frivolous or asserted for an improper purpose. To the extent Strojnik wishes to file a complaint that challenges access to public accommodations, Strojnik must provide a copy of the complaint, a letter requesting that the complaint be filed, a copy of the September 29, 2021 Order, and a copy of this Order to the Clerk of the Court.  The Clerk shall randomly assign the case to a District Judge in accordance with normal procedure, and shall forward the complaint, letter, a copy of the September 29, 2021 Order, and a copy of this Order to the assigned District Judge for a determination of whether the complaint should be accepted for filing.

(*See* Apr. 2022 Order at 1–2.)

/ / /

---

[1] Although Judge Burns noted that Mr. Strojnik had been declared a vexatious litigant in the Northern and Central Districts of California, the Court has found that Mr. Strojnik has also been declared a vexatious litigant in the District of Arizona. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *1 (D. Ariz. Jan. 6, 2021), *order amended on reconsideration*, No. CV-20-01532-PHX-DJH, 2021 WL 2454049 (D. Ariz. June 16, 2021).  The Court has not researched whether Mr. Strojnik has been declared a vexatious litigant in any additional jurisdictions, federal or state, trial or appellate.

1  Because Mr. Strojnik does not allege a violation of the ADA, the Prefiling Order
2  does not apply to the instant Complaint.  Accordingly, the Court **ACCEPTS** Mr. Strojnik's
3  Complaint for filing.  Nonetheless, upon review of the instant Complaint, the Court
4  **ORDERS** Mr. Strojnik to **SHOW CAUSE** why this action should not be dismissed for
5  lack of subject-matter jurisdiction.
6  "Federal courts are courts of limited jurisdiction.  It is to be presumed that a cause
7  lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon
8  the party asserting jurisdiction."  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770,
9  773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
10  (1994)).  A federal "court has an 'independent obligation to determine whether subject-
11  matter jurisdiction exists, even in the absence of a challenge from any party.'"  *Id.* (quoting
12  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If
13  the court determines at any time that it lacks subject-matter jurisdiction, the court must
14  dismiss the action.").
15  Here, all of Mr. Strojnik's causes of action are for alleged violations of state law,
16  (*see* Compl. ¶¶ 48–67), except for his first cause of action for "[p]re-[e]mption," (*see id.*
17  ¶¶ 43–47), through which he seeks a "[d]eclaration that Unruh's 'heightened' and 'special
18  procedural requirements aimed at limited suits by [disabled individuals]' are pre-empted
19  by the ADA" and an "[i]njunction against California from enforcing Unruh's 'heightened'
20  and 'special procedural requirements aimed at limited suits by [disabled individuals].'"
21  (*See id.* ¶¶ 47(A)–(B).)  Plaintiff alleges this Court has subject-matter jurisdiction over his
22  preemption claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4).[2]  (*See* Compl.
23  ¶ 10.)

[2] Pursuant to Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 1343 provides:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

3

22-CV-1088 TWR (AGS)

"It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (citing *Ex Parte Young*, 209 U.S. 123, 160–62 (1908)).  "A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Id.* (citing *Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180, 199–200 (1921); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Pursuant to the well-pleaded complaint rule, however, "[w]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983) (alterations in original) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76 (1914)).  "Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise[.]" *Id.* at 10 (citing *Taylor*, 234 U.S. at 75–76; *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908)).  "[U]nder the well-pleaded

---

. . .

(3)    To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; [and]

(4)    To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. §§ 1343(a)(3)–(4).

complaint rule, . . . 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" *Id.* at 16 (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2767, at 744–745 (2d ed. 1983)).

As presently alleged, this case is more analogous to *Franchise Tax Board* than *Shaw*. Here, Plaintiff alleges only state law claims against the Hotel. Nonetheless, he attempts to create federal jurisdiction—and evade California's procedural and pleading requirements for his Unruh Act claim—by seeking a declaration that those procedural requirements are preempted by the ADA. This not a case "premised on the Court's power to enjoin state officials from interfering with federal rights." *See Cal. Shock Trauma Air Rescue v. AIG Domestic Claims, Inc.*, No. 2:09-CV-00759MCEJFM, 2009 WL 2230772, at *4 (E.D. Cal. July 24, 2009), *aff'd*, 636 F.3d 538 (9th Cir. 2011). Rather, "since none of the present Defendants have 'the ability to enact or enforce state laws,' they cannot interfere with Plaintiff's rights under the Supremacy Clause." *See id.* (quoting *Harding v. Summit Med. Ctr.*, 41 F. App'x 83, 85 (9th Cir. 2002)). "Accordingly, when distilled to its essence, resolution of Plaintiff's declaratory relief claim, at least between the current parties, would require the Court to issue nothing more than an advisory opinion as to preemption of the [Unruh Act]." *See id.*

For these reasons, the Court **ACCEPTS** the Complaint for filing on the grounds that it is not subject to Judge Burns' Prefiling Order because it does not assert an ADA cause of action. Nonetheless, the Court believes that it is without federal subject-matter jurisdiction over Plaintiff's first cause of action, in which case the Court would be disinclined to exercise supplemental jurisdiction over Plaintiff's remaining causes of action for violations of California state law. The Court therefore **ORDERS** Mr. Strojnik **TO**

/ / /

/ / /

/ / /

/ / /

1    **SHOW CAUSE** <u>on or before September 9, 2022</u>, why this action should not be dismissed

2    for lack of subject-matter jurisdiction.

3        **IT IS SO ORDERED.**

4    Dated:  August 25, 2022

5                                        _____

6                                        Honorable Todd W. Robinson
                                        United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22-CV-1088 TWR (AGS)