UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                        Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, through Rob Bonta in his official capacity as the Attorney General of the State of California; CARTÉ HOTEL VENTURES, LP,<br><br>                       Defendants. | Case No.: 22-CV-1088 TWR (AGS)<br><br>**ORDER TO SHOW CAUSE WHY STATE LAW CAUSES OF ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF No. 4) |

      Presently before the Court is Plaintiff Peter Strojnik's First Amended Verified Complaint ("FAVC.," ECF No. 4), filed in response to the Court's August 25, 2022 Order (1) Accepting Complaint Pursuant to Prefiling Order, and (2) Ordering Plaintiff to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction. (*See* ECF No. 2 ("OSC").)  As before, Plaintiff alleges four causes of action for (1) Americans with Disabilities Act ("ADA") preemption of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53; (2) violation of the Unruh Act; (3) violation of the Disabled Persons Act, Cal. Civ. Code §§ 54–54.3; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (5) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* (*See generally*

1  FAVC.) To remedy the jurisdictional defects identified in the Order to Show Cause,
2  however, Plaintiff now brings his first cause of action against the State of California,
3  through Rob Bonta in his official capacity as the Attorney General of the State of
4  California, (*see id.* ¶¶ 46–50), while his state law claims are again all alleged against
5  Defendant Carté Hotel Ventures, LP (the "Hotel"). (*See id.* ¶¶ 51–70.)

6       As the Court previously informed Plaintiff, (*see* OSC at 3), "[f]ederal courts are
7  courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited
8  jurisdiction, and the burden of establishing the contrary rests upon the party asserting
9  jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017)
10 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal
11 "court has an 'independent obligation to determine whether subject-matter jurisdiction
12 exists, even in the absence of a challenge from any party.'" *Id.* (quoting *Arbaugh v. Y&H
13 Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines
14 at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")).
15 Although the Court is satisfied for present purposes that it has subject-matter jurisdiction
16 over Plaintiff's first cause of action for the reasons discussed in the Order to Show Cause,
17 *see Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541–43 (9th
18 Cir. 2011), the Court remains skeptical of its jurisdiction over Plaintiff's remaining state
19 law causes of action.

20      First, Plaintiff now alleges that the Court has diversity jurisdiction over these claims.
21 (*See* FAVC ¶ 14.) Federal courts have diversity jurisdiction "where the amount in
22 controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. *See* 28
23 U.S.C. § 1332(a). The allegations of the First Amended Verified Complaint fail to satisfy
24 either requirement.

25      Although Plaintiff alleges that "Plaintiff and Defendant are citizens of different
26 states[,]" (*see id.* ¶ 14(A)), he fails to allege the citizenship of either party. (*See generally
27 id.*) The Court reminds Plaintiff that, "in determining the citizenship of a limited
28 partnership[, such as the Hotel,] for diversity purposes, courts examine the citizenship of

1 all its 'members.'" *See Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1239 (D. Haw. 2012) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). Consequently, should Plaintiff choose to amend his First Amended Verified Complaint to assert diversity jurisdiction over his claims against the Hotel, he must allege the citizenship of himself and all of the Hotel's members.

Further, Plaintiff calculates an amount in controversy of $298,200 based on $250,000 for "[a]doption and fulfillment of 'reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities' applicable to entire property," as well as additional "Required Remediations of Specific Barriers" totaling $26,200. (*See* FAVC ¶ 14(B).)  Although the anticipated costs of the Hotel's remediation are properly included in the amount in controversy, *see, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977), and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted), "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.  And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).  Consequently, should Plaintiff elect to amend his First Amended Verified Complaint, Plaintiff must prove by a preponderance of the evidence the basis for his allegation that the amount in controversy exceeds $298,200. (*See* FAVC ¶ 14.)

Second, given the absence of federal question jurisdiction as to the claims against the Hotel and in the event that there is no diversity jurisdiction between Plaintiff and the Hotel, Plaintiff "must show that the state . . . claims against [the Hotel] constitute part of the same constitutional case as the federal [preemption] claim[] against the [State of California]" for the Court to exercise supplemental jurisdiction over Plaintiff's remaining

1  state law causes of action.  *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002).  Even then, "[t]he decision to exercise that jurisdiction remains discretionary with the district court."  *See id.* (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997)).  Here, the Hotel's alleged actions have no bearing whatsoever on the preemption issue alleged against the State of California.  (*Compare* FAVC ¶¶ 16–28, 46–50, *with id.* ¶¶ 29–45, 51–70.)  Consequently, should Plaintiff fail to allege that there exists diversity jurisdiction for his state law causes of action, the Court is disinclined to exercise supplemental jurisdiction over those claims.

In light of the foregoing, the Court **ORDERS** Plaintiff to **SHOW CAUSE** <u>on or before September 27, 2022</u>, why his state law claims against the Hotel should not be dismissed for lack of subject-matter jurisdiction.  As before, Plaintiff **MAY RESPOND** to this Order by filing a further amended complaint.  *Failure timely to respond to this Order will result in the dismissal without prejudice of Plaintiff's state law causes of action against the Hotel for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failure to comply with an Order of the Court pursuant to Civil Local Rule 83.1(a).*

**IT IS SO ORDERED.**

Dated:  September 12, 2022

_____
Honorable Todd W. Robinson
United States District Judge