

Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>State of California through Rob Bonta in his official capacity as the Attorney General of the State of California; Carté Hotel Ventures, LP<br><br>Defendants. | Case No.: 3:22-CV-01088-TWR-AGS<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE ECF 5 WHY STATE LAW CAUSES OF ACTION SHOULD OT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

**1. Introduction.**

California's Unruh Civil Act provides that a violation of the right of an individual under the Americans with Disabilities Act of 1990 also constitutes a violation of Unruh. In turn, the ADA defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford … accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of …accommodations". 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

Carté Hotel Ventures, LP's ("Carté") franchisor is Hilton Worldwide Inc., ("HWI"). HWI is currently subject to compliance with such policy:

> **Non-Discrimination:** HWI will not engage in any practice that discriminates against individuals with disabilities in violation of Title III of the ADA.

1

*See U.S. V. Hilton Worldwide, Inc..* See Consent Decree fact sheet appended as exhibit 1.

Unfortunately, HWI's consent decree does not reach Hilton franchisees like Carté. So why not require Carté to institute a similar policy stating:

> **Non-Discrimination:** Carté Hotel Ventures, LP will not engage in any practice that discriminates against individuals with disabilities in violation of the ADA as adopted by Unruh Civil Rights Act.

The Court's imposition of anti-discrimination policy will resolve Carté's reluctance to abide by disability laws, save Federal and State Courts' limited resources, and protect Carté from piecemeal litigation.

## 2. Plaintiff and Defendant Are Citizens Of Different States.

Plaintiff is a citizen of the State of Arizona based in Phoenix, Arizona. Carté is a California limited partnership with its principal place of business in at 14044 Caminito Vistana, San Diego, CA 92130. According to Carté's Certificate of Limited Partnership filed with the California's Secretary of State on January 9, 2017, the general partner is GP Carte Management, LLC with its location At 14044 Caminito Vistana, San Diego, CA 92130.

The names and locations of limited partners are not disclosed. For the purpose of diversity jurisdiction, Plaintiff seeks limited discovery addressed to Carté's partnership information.

## 3. Calculation of Amount in Controversy.

In ¶ 14 of the FAC, Plaintiff alleges that the amount of controversy exceeds $75,000 computed as follows:

| Matter in Controversy | Amount |
|---|---|
| Adoption and fulfillment of "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities" applicable to entire property. | $250,000 |
| Violation of Unruh – Trebled | $12,000 |
| Violation of UCL and CLRA | $10,000 |
| Required Remediations of Specific Barriers | |
| Check in Service Counter | $10,000 |
| Lobby Bar | $15,000 |

2

| | |
|---|---:|
| Room Door Remediation | $100 |
| Shower Spray Unit Remediation | $100 |
| Bathtub Seat | $1,000 |
| **Total Amount Of Matter In Controversy** | **$298,200** |

Plaintiff estimates in good faith that the costs of "[a]doption and fulfillment of reasonable modifications in policies, practices, or procedures" would cost $250,000. For the purposes of amount in controversy, there is no dispute regarding the costs of other items in the amount of $47,200 are not challenged. For the purposes of amount in controversy, only the remaining amount of $27,800 is challenged.

Good faith estimate of Carté's adoption and implementation of non-discriminatory policies is based on the following:

- Expert and attorney's Fees: Implementation of non-discrimination policy would require Carté to hire attorneys and experts to review every square inch of Carté hotel's property to ensure that it is non-discriminatory. Good faith estimate no less than: $25,000.00.

- Remediation of all discriminatory conditions through construction contracts. Good faith estimate no less than: $200,000.00.

- Interruption in services: Good faith estimate no less than: $10,000.00.

- Loss of affected facilities during construction. Good faith estimate no less than: $10,000.00.

The information relative to Carté's costs is strictly within Carté knowledge. Yet, experience teaches that experts and lawyers are expensive, and that modification of a a five-star hotel costs an average of $691 per square foot[1] and that a modification of a five-star enormous hotel like Carté would easily exceed $250,000[2].

To the extent the good faith estimates above are insufficient, Plaintiff seeks leave to conduct limited discovery regarding the amount in controversy.

---

[1] 2022 Guide to US Building Commercial Construction Cost per Square Foot (levelset.com)

[2] A *modification* is obviously even more expensive because it the increased cost of demolition.

3

### 4. The State Claims Constitute Part of the Same Constitutional Case as the Federal Pre-Emption Claim

The pre-emption claim asserts that Unruh's "heightened" and "special procedural requirements aimed at limiting suits by [disabled individuals in California State Courts]"[3]. The Unruh and DPA claims assert state causes of action based on equal application of disability laws that are presently only available in Federal Court. The common nucleus of substantive facts, that is, whether Unruh can be asserted in Federal Court without State Law's attempts to limit Plaintiff's disability lawsuit.

### 5. Prayer for Relief

For reasons stated above, Plaintiff respectfully requests leave to conduct limited discovery regarding Carté's limited liability partners and the costs of adopting and implementing compliance with anti-discrimination provisions of 42 U.S.C. §12182(b)(2)(A)(ii) as adopted by Unruh.

DATED this 20th day of September, 2022.

Peter Strojnik
Plaintiff

Mailed to the Court this 20th day of September, 2022.

---

[3] *Arroyo v. Rosas,* 19 F.4th 1202, 1211 (9th Cir. 2021)

# EXHIBIT 1

# FACT SHEET: CONSENT DECREE IN *U.S. v. HILTON WORLDWIDE, INC.*

On Nov. 9, 2010, the United States filed a complaint and consent decree in U.S. District Court for the District of Columbia to resolve an investigation into Hilton Worldwide Inc. (HWI), formerly, Hilton Hotels Corporation, for a pattern and practice of violations of the Americans with Disabilities Act (ADA) by its owned, managed, joint venture and franchised hotels. The complaint alleges that HWI failed to design and construct its hotels after Jan. 26, 1993, in compliance with the ADA, by failing to provide accessible guest rooms with roll-in showers for individuals with mobility disabilities; failing to disperse designated accessible guest rooms across various classes of rooms and amenities; failing to reasonably modify its policies, practices and procedures to accommodate individuals with disabilities; and failing to provide individuals with disabilities the same opportunity to reserve accessible guest rooms using the Hilton telephonic and internet central reservations systems.

HWI owns, operates and franchises more than 2,800 hotels throughout the United States under various trade and service names and marks including, Hilton, Conrad Hotels & Resorts, Doubletree, Embassy Suites Hotels, Hampton Inn, Hilton Garden Inn, Hilton Grand Vacations, Homewood Suites, the Waldorf Astoria and Home2Suites.

Key provisions of the Consent Decree include the following:

- **Non-Discrimination:** HWI will not engage in any practice that discriminates against individuals with disabilities in violation of Title III of the ADA;

- **Accessibility Surveys of Owned and Joint Venture Hotels:** HWI will conduct surveys of all HWI owned and joint venture hotels built after 1993, to assess whether these hotels fully comply with the ADA Standards for Accessible Design (ADA Standards) in areas open to the public, including designated accessible guest rooms;

- **Accessible Guest Rooms in Owned and Joint Venture Hotels:** HWI will ensure that all HWI owned and joint venture hotels built after 1993 have the required number of designated accessible guest rooms with roll-in showers and designated accessible guest rooms for individuals with hearing impairments within four years;

- **Accessible Additions to Owned and Joint Venture Hotels:** HWI owned and joint venture hotels that build additions will ensure that the additions and path of travel to and through the additions built after 1993 fully comply with the ADA Standards;

- **Accessibility Surveys of Franchised and Managed Hotels:** HWI will require all Hilton franchised or managed hotels that experience a triggering event, defined as entering into a new franchise or management agreement, a change in ownership, or a renewal or extension of a franchise agreement, to conduct a survey of its facilities and to certify that the hotel complies with the ADA;

- **Independent Monitoring of Franchised and Managed Hotels' Accessibility:** HWI will hire an ADA consultant to review the surveys provided by the hotels subject to the

Consent Decree, conduct on-site inspections to verify ADA compliance and will file a report annually with the court;

- **Increased Accessibility at Franchised and Managed Hotels:** HWI hotels that do not comply with the ADA must develop and submit a plan to the ADA consultant detailing how and when it will comply with the ADA requirements; HWI hotels will have seven years to complete all remediation

- **Increased Information about Accessibility in Reservations:** HWI will ensure that the Hilton reservations systems, both telephonic and internet based; provide information about the availability of accessible rooms, as well as details about the configuration, amenities, and views available in each accessible room, and that individuals with disabilities are able to reserve accessible rooms with specific features and amenities;

- **Website Accessibility:** HWI will improve the accessibility of its websites by bringing them into compliance with the World Wide Web Consortium's Web Content Accessibility Guidelines 2.0, Level A;

- **Reservations Policy to Ensure Availability of Accessible Rooms:** HWI will institute a reservations policy for accessible guest rooms that will hold open two non-premium accessible guest rooms as the last rooms sold at each hotel;

- **New Company Standards to Ensure ADA Compliance:** HWI will amend its brand standards for all its brands to require ADA compliance in new construction and alterations, to require training for employees, to designate an ADA contact person at each hotel in its in-room guest materials and to amend its quality assurance reviews to incorporate ADA compliance;

- **Prototype Plans and Designs:** HWI will ensure that its prototype building plans or designs comply with the ADA;

- **Company-Wide Accessibility Point Person:** HWI will designate one national ADA compliance officer who will serve as the primary HWI administrative contact on disability issues for all HWI brand hotels;

- **Expanded Employee Training:** HWI employees whose essential job functions require them to interact with hotel guests, along with front desk employees, general managers and chief building engineers, will under training on some or all of the following topics – how to deal with guests with disabilities; proper assignment of accessible rooms; emergency procedures for guests with disabilities; reasonable modifications of policies and procedures for guests with disabilities; maintenance of accessible features; the provision and use of roll-in showers with fold-down seats and removable tub seats; and the operation of communications equipment for guests with hearing impairments; and

- **Civil Penalties:** HWI will pay a civil penalty of $50,000.

Peter Strojnik
7847 N Central Avenue
Phoenix, Arizona 85020



SEP 23 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

