UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, through Rob Bonta in his official capacity as the Attorney General of the State of California; CARTÉ HOTEL VENTURES, LP,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-CV-1088 TWR (AGS)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE STATE LAW CLAIMS AGAINST THE HOTEL**<br><br>(ECF No. 6) |

　　　　On September 12, 2022, the Court ordered Plaintiff Peter Strojnik to show cause "why his state law claims against [Defendant Carté Hotel Ventures, LP ("the Hotel")] should not be dismissed for lack of subject-matter jurisdiction." (*See* ECF No. 5 ("OSC") at 4.) Presently before the Court is Plaintiff's Response to Order to Show Cause ECF 5 Why State Law Causes of Action Should [N]ot Be Dismissed for Lack of Subject Matter Jurisdiction ("Resp.," ECF No. 6). Plaintiff declined to file a further amended complaint. (*See generally* Docket.)

　　　　As the Court previously explained to Plaintiff, "[f]ederal courts have diversity jurisdiction 'where the amount in controversy' exceeds $75,000, and the parties are of 'diverse' state citizenship." (*See* OSC at 2 (quoting 28 U.S.C. § 1332(a)).) The Court

informed Plaintiff that, "in determining the citizenship of a limited partnership[, such as the Hotel,] for diversity purposes, courts examine the citizenship of all its 'members.'" (*See id.* at 2–2 (quoting *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1239 (D. Haw. 2012)).)  In his Response, Plaintiff notes that, "[a]ccording to Carte's Certificate of Limited Partnership filed with the California's Secretary of State on January 9, 2017, the general partner is GP Carte Management, LLC with its location [a]t 14044 Caminito Vistana, San Diego, CA 92130." (*See* Resp. at 2.)  Plaintiff, however, does not identify the citizenship of the Hotel's limited partners, if any, or the citizenship of GP Carte Management, LLC, which, as a limited liability company, "is a citizen of every state of which its owners/members are citizens."  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); (*see also generally* Resp. at 2.)  Plaintiff therefore fails to carry his burden of establishing complete diversity of citizenship between the Parties.

As for the amount in controversy, "there are three categories—statutory damages under the Unruh Act, the monetary value of injunctive relief, and attorney's fees—that the Court must take into account when evaluating whether the amount in controversy exceeds $75,000."  *See Martin v. Container Store, Inc.*, No. 822CV00410CJCKESX, ___ F. Supp. 3d ___, 2022 WL 1405713, at *2 (C.D. Cal. May 4, 2022).  First, because Plaintiff is proceeding pro se, he is not entitled to recover attorneys' fees.  *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (holding that even an attorney proceeding pro se is not entitled to recover attorneys' fees).

The Court next addresses Plaintiff's statutory damages.  Under the Unruh Act, Plaintiff is entitled "to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)."  *See* Cal. Civ. Code § 52(a).  Although Plaintiff contends that $12,000 is at issue based on treble the $4,000 statutory award, (*see* Resp. at 3), Plaintiff is entitled to the greater of treble his *actual* damages *or* statutory damages of $4,000.  Because Plaintiff does not allege any actual damages, the Court concludes that $4,000 is at issue under the Unruh Act.

      Plaintiff also brings claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.* Under the CLRA, Plaintiff may be entitled to a $5,000 statutory award, *see* Cal. Civ. Code § 1780(b)(1); however, "under the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'" *See Lee v. Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th 793, 800 (2021) (alteration in original) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)). Restitution is limited to money or property that was once in the plaintiff's possession or in which the plaintiff has a "vested interest." *See id.* (citing *Korea Supply*, 29 Cal. 4th at 1149–50). Plaintiff seeks no restitution here. (*See generally* ECF 4 ("FAVC") ¶ 63 (seeking only injunctive relief under the UCL).) Accordingly, $9,000 in statutory damages is in controversy under the Unruh Act and CLRA.

      Given that only $9,000 in statutory damages and no attorneys' fees are at issue, to exceed the $75,000 amount-in-controversy threshold, Plaintiff must prove by a preponderance of the evidence that the injunctive relief at issue will cost the Hotel more than $66,000. Plaintiff has failed to do so. Citing to the 2022 Guide to US Building Commercial Construction Cost per Square Foot available on the blog levelset.com, Plaintiff contends that "modification of a . . . five-star hotel costs an average of $691 per square foot and . . . a modification of a five-star enormous hotel like Carte would easily exceed $250,000." (*See* Resp. at 3 (footnote omitted).) Plaintiff's "calculation," however, relies on several unfounded assumptions.

      First, Plaintiff assumes that the Hotel is a five-star accommodation. While the Hotel does advertise itself as an "upscale," *see* https://www.cartehotel.com/the-hotel/rooms/, "luxury lifestyle hotel," *see* https://www.cartehotel.com/the-hotel/, it is advertised as a "4-star hotel" on Expedia. *See* https://www.expedia.com/San-Diego-Hotels-Carte-Hotel-San-Diego-Downtown.h36376990.Hotel-Information. It therefore appears that Plaintiff's proposed $691 per square foot figure is inflated.

/ / /

    Second, although Plaintiff cites $691 per square foot as the average "modification" cost for such a facility, the blog to which Plaintiff cites indicates that this is the average cost per square foot "*to build*" such a facility.  *See* https://www.levelset.com/blog/commercial-construction-cost-per-square-foot/#Hospitality.  It is clearly much more expensive to build a structure per square foot than to purchase bathtub seating and modify the height of the check-in service counter and lobby bar, the door to accessible rooms, and the shower spray units in accessible bathrooms.  (*See* FAVC ¶¶ 30(A)–(E).)  The already inflated $691 per square foot figure Plaintiff cites is therefore inapplicable.

    Third, Plaintiff assumes that modifications would need to be made to the "enormous" Hotel as a whole.  Even assuming that all of the specific modifications Plaintiff identifies must be made, the Hotel has 246 rooms, *see* https://www.cartehotel.com/the-hotel/;  https://www.sandiego.org/members/hotels-resorts/carte-hotel-san-diego.aspx, meaning it needs to have a minimum of ten guest rooms with compliant mobility features. *See* U.S. Dept. of Justice 2010 ADA Standards for Accessible Design, § 224.2 (guest rooms with mobility features), *available at* https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#sec224.  Plaintiff does not explain how the purchase of up to ten bathtub seats and modifications to ten doors, ten shower spray units, and the height of portions of two counters and would exceed $66,000.  *See, e.g.*, *Martinez v. CotN Wash, Inc.*, No. 220CV09327VAPAGRX, 2020 WL 6799076, at *3 (C.D. Cal. Nov. 18, 2020) (remanding Unruh action where estimates regarding the cost of complying with injunctive relief "d[id] not consider the specific access barriers that would need to be changed"). Indeed, even accepting Plaintiff's estimated cost for each of these remediations for the minimum ten compliant rooms, the total cost would come to only $38,000.  (*See* FAVC ¶ 14(B).)

    In short, even relying on Plaintiff's inflated and self-serving estimates, the total amount in controversy totals only $47,000, over $28,000 short of the jurisdictional minimum.  Nonetheless, Plaintiff "seeks leave to conduct limited discovery regarding the amount in controversy," (*see* Resp. at 3), and the Hotel's "partnership information." (*See*

*id.* at 2.)  "In the Ninth Circuit, however, whether to allow jurisdictional discovery is committed to the district court's discretion, and such discovery is not required unless [Plaintiff] will suffer 'actual and substantial prejudice.'"  *See Harvey v. Advisors Mortg. Grp., LLC*, No. 21-CV-1048 TWR (AGS), 2021 WL 4521065, at *6 (S.D. Cal. Oct. 4, 2021) (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006)).  Here, Plaintiff is free to pursue his state law claims in Superior Court.

Finally, it is clear to the Court that Plaintiff is attempting to manufacture diversity jurisdiction over his Unruh cause of action to avoid both the heightened Unruh pleading standards he faces as a "high-frequency litigant" in Superior Court and the heightened scrutiny on Plaintiff's Article III standing to bring Americans with Disabilities Act ("ADA") actions in this Court imposed by the Honorable Larry Alan Burns.  Allowing Plaintiff to evade these requirements through inflated amount-in-controversy calculations would be "fundamentally violative of the principle underlying the jurisdictional amount requirement—to keep small diversity suits out of federal court," *see In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 961 (9th Cir. 2001), and would "have a significant adverse impact on federal-state comity."  *See Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021).  The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's state-law causes of action against the Hotel.  Accordingly, this action shall proceed only as to Plaintiff's ADA preemption claim against the State of California.

**IT IS SO ORDERED.**

Dated:  October 20, 2022

*[signature: Todd Robinson]*

Honorable Todd W. Robinson
United States District Judge